Filed 12/30/14  Shaub v. Praetorian Ins. Co. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MAURICE E. SHAUB et al., | B255458 |
| Plaintiffs and Appellants, | (Los Angeles County |
| v. | Super. Ct. No. SC120147) |
| PRAETORIAN INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Allan J. Goodman, Judge.  Affirmed.

Shaub & Williams, David R. Shaub and Lisbeth Bosshart Merrill for Plaintiffs and Appellants.

Nelsen, Thompson, Pegue & Thornton, Timothy M. Thornton, Jr., and Elizabeth A. Farny for Defendant and Respondent.

_____

This is a derivative action by a group of condominium owners on behalf of their homeowners' association against the association's commercial liability insurer. Plaintiffs seek indemnity to the association for money it paid to settle claims by other owners based on the association's alleged negligence in failing to prevent earth movement that damaged their homes. The trial court held that even assuming the homeowners' association was negligent in failing to prevent the earth movement, liability for the association's negligence was not covered by its policy because the policy excludes liability for property damage "arising out of . . . 'movement of land or earth.'" The court sustained the insurer's demurrer without leave to amend and entered judgment for the insurer. We affirm.

## FACTS AND PROCEEDINGS BELOW

In the underlying action, two home owners in the condominium development of Malibu Villas sued the Malibu Villas Owners Association ("MVOA") for failing to prevent "continuing soil movement" that damaged their homes. The owners alleged causes of action for breach of contract, breach of fiduciary duty, injunctive relief, nuisance and negligence.

MVOA tendered defense of the owners' suit to the Praetorian Insurance Company under its commercial liability insurance policy in force at the time. The policy provided that Praetorian "will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' *to which this insurance applies*." (Italics added.) "Property damage" is defined in the policy in relevant part as "[p]hysical injury to tangible property."

As pertinent to this appeal, Praetorian denied coverage and refused to defend MVOA on the basis that the liability coverage of the policy does not apply to claims for property damage "caused by, arising out of, relating to, resulting from, contributed to, or aggravated by any 'movement of land or earth.'" (The parties refer to this provision as the Earth Movement Exclusion.)

2

Following Praetorian's rejection of MVOA's defense, the association defended the suit on its own eventually settling with the owners for approximately $450,000. This settlement resulted in special assessments against owners of Malibu Villas condominiums including plaintiffs in this action.

When the plaintiffs failed to convince MVOA's Board of Directors to bring an action against Praetorian based on its denial of defense and coverage, plaintiffs brought this derivative action on MVOA's behalf.

Praetorian demurred to the complaint on the basis of the Earth Movement Exclusion which states: "This insurance does not apply to any claim for . . . 'property damage,' . . . caused by, arising out of, relating to, resulting from, contributed to, or aggravated by any 'movement of land or earth.' [¶] For purposes of this exclusion, 'movement of land or earth' is defined to mean movement in any direction, including but not limited to, instability, rising, upheaval, expansion, subsidence, settling, sinking, shrinkage, slipping, falling away, tilting, caving in, eroding, shifting, mud flow, mudslide, landslide, or earthquake or any other movement of land or earth, *regardless of the cause*, magnitude, duration or intensity." (Italics added.)

The trial court ruled that under the Earth Movement Exclusion Praetorian had no duty to defend MVOA in the underlying action. Plaintiffs did not ask for leave to amend their complaint and the court sustained the demurrer without leave to amend. Plaintiffs filed a timely appeal from the subsequent judgment.

Neither party contends that extrinsic evidence is necessary to interpret the Earth Movement Exclusion therefore our review of the meaning of the policy is de novo. (*Powerine Oil Co., Inc. v. Superior Court* (2005) 37 Cal.4th 377, 390.)

## DISCUSSION

It is well-settled that an insurance policy's coverage provisions must be interpreted broadly in favor of the insured while a policy's exclusions must be interpreted narrowly against the insurer. (*Regional Steel Corp. v. Liberty Surplus Ins. Corp.* (2014) 226 Cal.App.4th 1377, 1389-1390.) Overarching both these rules is the rule that the

3

policy must be interpreted in accordance with common sense and what is reasonable in the context of the provision at issue.  (*Id*. at p. 1390.)  If a policy provision is ambiguous—that is, capable of two or more reasonable interpretations—then the ambiguity is generally construed against the insurance company in order to protect the policyholder's reasonable expectation of coverage.  (*Ibid*.)

The exclusionary portion of the Earth Movement Exclusion is not ambiguous.  It plainly states:  "This [liability] insurance *does not apply* to any claim for . . . '*property damage*,' . . . caused by, arising out of, relating to, resulting from, contributed to, or aggravated by *any 'movement of land or earth*.'"  (Italics added.)  The owners in the underlying action claimed that because of MVOA's negligence "continuing *soil movement* . . . directly and proximately *damaged* the Subject *Property*."  (Italics added.)  The owners did not allege that MVOA caused the soil movement; they alleged MVOA failed to prevent it from damaging their homes.  It is beyond dispute that the "movement" of "soil" is "movement of land or earth" and that this movement of land or earth, which MVOA failed to prevent, resulted in damage to the owners' property.  Plaintiffs admit that "the earth movement did not merely contribute to or aggravate the damage . . . it was the sole cause of the damage."  (Ellipsis in original.)  Therefore, the property damage resulting from the "soil movement" is not even potentially covered by the policy and Praetorian had no duty to defend or indemnify.

The plain, unambiguous words of the exclusionary clause should put an end to the plaintiffs' case.  Plaintiffs, however, purport to find an ambiguity—not in the policy's exclusionary clause—but in the policy's definition of "movement of land or earth" which, they contend, opens the door to coverage.  We disagree.

Immediately following the Earth Movement Exclusion is a paragraph defining the term "movement of land or earth."  The definition states:  "For purposes of this exclusion, 'movement of land or earth' is defined to mean movement in any direction, including but not limited to, instability, rising, upheaval, expansion, subsidence, settling, sinking, shrinkage, slipping, falling away, tilting, caving in, eroding, shifting, mud flow,

mudslide, landslide, or earthquake or any other movement of land or earth, *regardless of the cause,* magnitude, duration or intensity." (Italics added.)

Based on this definition, plaintiffs posit as a reasonable interpretation of the policy that in order to be excluded the earth movement must have been caused by the negligence of the insured. Since the owners did not contend that a negligent act by MVOA *caused* the earth movement in this case, the earth movement that damaged the owners' property is not excluded from coverage.

Plaintiffs reason that because the definition of "movement of land or earth" is expressed as various types of movement, e.g. settling, shrinking, tilting, etc., the "cause" of the movement must be an affirmative act—regardless of whether it is a natural or manmade act. This observation is undoubtedly correct. According to Newton's first law of motion, objects at rest tend to stay at rest until disturbed, i.e. acted upon. But the observation is also irrelevant. The question is not whether the soil movement had a cause—of course it did. The question is: Did that movement, "regardless of its cause," damage the owners' property? If so, the damage is excluded from coverage.

MOVA's liability for the damage to the owners' property is not based on its causing the earth movement. Its liability is based on its failure to perform its duty to prevent that movement from damaging the owners' property. As such, its liability is not covered.

5

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs on appeal.

<u>NOT TO BE PUBLISHED</u>.

                                               ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.